[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs husband and wife, sued the operators of two vehicles involved in a three car accident in which the wife claimed to be injured. They did not sue the operator of the vehicle in which Mrs. Derienzo was riding being driven by her sister, Ms. Zappone (Zappone). The defendant Portal, now has moved to make Zappone a defendant as her presence as a party is required for the trier to make a determination of proportionate liability under Tort Reform II, 52-572h. Howard v. Cappellan,5 CSCR 576 (1990). CT Page 6054
The court agrees that Zappone should be a party and the question is "how to do it" as Judge Healey said in Lombardi v. Johnstone, 4 CSCR. 386 (1989). The plaintiff rightful resists suing Zappone because she believes Zappone was not negligent and the defendant rightfully points out the third party complaint procedure at present does not apply to the situation. See Howard v. Capellan, supra.
Judge Healey found implied authority in 552-572h for the defendant to make a person such as Zappone a party for contribution and, this court also believes, for consideration of proportionate fault. Where the law creates a right it must also create a method to realize that right.
Accordingly, the court will grant the defendant's motion to add Zappone as a party but direct that it be done by Portal filing a third party complaint since it is Portal who claims Zappone was negligent and Portal who seeks the advantage from Zappone's presence as a party.
McDONALD, J.